EZEQUIEL MARTÍNEZ ET AL., Plaintiffs and Appellees, *v.* DOMINGO TORRES, Defendant and Appellant.

No. 8929. Argued June 15, 1944.—Decided July 28, 1944.

*Carlos E. Colón* for appellant. *E. Ramos Antonini* and *V. Gutié-rrez Franqui* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Ezequiel Martínez and Juan Rodríguez instituted an action of unlawful detainer at sufferance against Domingo Torres. In the complaint they alleged that they leased from Antonio Pacheco a property measuring 105 acres (*cuerdas*), situated in the ward of Caimito of Yauco, P. R., with several buildings thereon. That although the plaintiffs are using the house situated in said property and six or seven acres of land around it, the defendant detains the remaining portion of the property with crops scattered over several points of the property, performing acts of possession without paying any rent or consideration. That the plaintiffs have demanded from the defendant that he vacate the estate and have even asked him to appraise the crops which he has in order to pay for the same and for him to leave the above-mentioned estate, but that the defendant has not consented, but on the contrary has continued in possession at sufferance of the above-mentioned estate.

The defendant answered and alleged that he owns about 25 acres of the property described in the complaint which he has planted with tobacco and minor crops and which he possesses with the approval, consent and authorization of

the owner of the estate, Antonio Pacheco, who has never restricted or canceled the authorization which he has granted to the defendant to cultivate, possess, and till said 25 acres without requesting him to pay any rent or consideration for said authorization, this having been done by reason of the relationship existing between the defendant and Antonio Pacheco, since the former is married to Elisa Pacheco Morales, a daughter of the latter. That the defendant has been in possession of said 25 acres since August 1940, and that said possession in good faith has never been interrupted in any manner whatsoever. He denied that he had been requested to vacate the parcel occupied by him or that he had been offered any compensation for the crops and works thereon.

As new matter the defendant alleged that the plaintiffs, as well as the other sons of Antonio Pacheco, had been summoned by the latter in order that, by common agreement, they should take charge of the property and divide it among themselves on the sole condition that they should pay the taxes and a small rent to the owner, inasmuch as Antonio Pacheco was very old and wished to retire. That it was under such conditions that the defendant, with the consent of Antonio Pacheco and of the other members of the family, planted several fields with tobacco and minor crops, using about 25 acres of the estate of 105 acres which is described in the complaint, which crops are worth about $400.

As special defenses he alleged (1) that the plaintiffs lack legal capacity to sue because their title is null and because they have no standing to institute an action such as the one they have brought; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the defendant is a sower in good faith and has received no compensation whatsoever for his crops and works; and (4) that Act No. 14 of November 21, 1941, prohibits the issuance of an order of ejectment in the instant case.

After the two hearings provided by the Unlawful Detainer Act (§§ 623 and 625 of the Code of Civil Procedure, 1933 ed.) had been held, the lower court, on February 10, 1944, rendered judgment sustaining the complaint but holding, however, that "within the statutory period . . . each party should appoint an expert to make the appraisal of the crops existing on the estate and that the plaintiffs should pay said amount to the defendant before ordering the ejectment in this case and if said experts do not reach an agreement as to the appraisal thereof the court shall appoint a third expert for said purpose."

Feeling aggrieved by said judgment the defendant has appealed to this court and has assigned five errors as committed by the lower court.

 In his first assignment of error the appellant alleges that the lower court committed error "in failing to consider, and thus dismissing the complaint, the special defense of the defendant-appellant, to the effect that the plaintiffs-appellees lack capacity to sue inasmuch as the title is absolutely null and void."

The appellant alleges that the contract of lease on which plaintiffs' title is based is nonexistent because the same is simulated, for which reason he alleges it can be collaterally attacked in an action of unlawful detainer.

It is true that in an action of unlawful detainer the defendant may attack the title of the plaintiff, but in order to do this the defects contained in said title must make the same null and void and not merely voidable. *Martínez v. Figueroa*, 50 P.R.R. 908. However, in the case of *Colón v. Colón*, 51 P.R.R. 95, this court stated the following:

"The theory of all such cases is that the plaintiff, in an unlawful detainer proceeding, who exhibits a title, valid until invalidated, has the right to immediate possession pending a judicial determination in some other action, of any question as to the validity of his title. The doctrine of such cases is inapplicable when the defend-

ant, in an unlawful detainer proceeding, is in possession under a claim of ownership, alleges facts sufficient to show the absolute nullity of plaintiff's title, and adduces evidence enough to indicate that his defense is not a pretext. (Citing cases.)''

In the case at bar the defendant is not in possession as owner of the property. From the record it clearly appears that he is a tenant at sufferance. His answer to the complaint as well as the evidence tend to establish that fact. This being so, his possession arises from the mere tolerance of the actual owner of the property for which possession he does not pay any rent or consideration. His possession depends exclusively on the will of the owner and this being so, he can not attack collaterally the validity of plaintiffs' title inasmuch as his possession as tenant at sufferance and the facts which he alleges are not sufficient to establish the absolute nullity of plaintiffs' title. The latter have offered as evidence, which was admitted by the court without any objection on the part of the defendant, a public deed wherein the owner of the property leases to the plaintiffs that portion of the property which is the subject matter of the unlawful detainer proceeding. This lease was duly recorded in the Registry of Property of San Germán. The first error assigned is nonexistent.

██ After establishing the possession at sufferance of the defendant, we shall now pass upon the second assignment which is to the effect that the lower court committed error ''in deciding that the defendant is not a sower in good faith.''

The lower court in its opinion stated the following:

''Upon an examination of the evidence we find that when the defendant was beginning to plow the soil to plant, Antonio Pacheco came to the property together with a policeman and forbade him to continue the cultivation or planting of said property stating at the same time that it had been leased to the plaintiffs herein. The defendant Domingo Torres did not obey the order of the owner or the subsequent requests made by the plaintiffs to

the effect that he should deliver the property to them by reason of the above-mentioned deed which entitled them to the lease, but on the contrary he continued to cultivate the property and planted the crops which he now alleges he has. This court believes that the defendant Domingo Torres can not set up the allegation of sower in good faith in the light of these facts, since he had been advised by the lessor himself; he had no right to plant or build on the land which had been granted by lease to the plaintiffs herein.''

The conclusion reached by the lower court is supported by the evidence adduced at the trial. It is true that in the complaint there is no allegation of bad faith on the part of the defendant. Nevertheless, the defendant in his answer alleged he was a sower in good faith and to that effect he introduced evidence which was controverted by the plaintiffs. Therefore, the question involved herein is whether in an action of unlawful detainer at sufferance it is necessary to allege the bad faith of the defendant in order that the same should prosper.

We think that this question is of no consequence. Since evidence has been introduced as to the good faith of the defendant and evidence to the contrary has been adduced, the question was before the court and the latter according to its opinion did nothing more than decide the conflict of evidence which had arisen in the case. Whether or not the complaint was defective is a matter of no importance inasmuch as the defects contained in the same were cured by the evidence and the complaint should be considered as amended and be thus conformed to such evidence.

''The general rule of law is that the evidence before the court justified the judgment entered in the case, and such judgment may aid or cure defects in the pleadings.'' *Burgos* v. *Crespo*, 48 P.R.R. 510.

This court has also held that ''the pleadings may be considered as amended to cover a point of view which was sustained and was clearly before the court *a quo*.'' *Ruberté* v. *American Railroad Company*, 52 P.R.R. 360. (See also the

cases of *F. Gavilán & Co.* v. *Vda. de Garriga e hijos*, 38 P. R.R. 372; *Franqui* v. *Fuertes Hnos.*, 41 P.R.R. 221.)

Moreover, the fact that evidence was introduced as to the good or bad faith on the part of the defendant did not constitute an element of surprise for the latter inasmuch as this question was raised by the defendant *sua sponte* and no prejudice was caused to him which he could not have foreseen.

Inasmuch as the presumption of sower in good faith attached to the defendant was destroyed, we do not think that the lower court committed error in holding that the latter was not a sower in good faith, for which reason we are of the opinion that the second error assigned was not committed.

In his third assignment the appellant alleges that the lower court committed error "in failing to consider and sustaining by dismissing the complaint, the special defense set up by the defendant-appellant in the sense that the complaint in this case does not state facts sufficient to constitute a cause of action and that the evidence adduced in support thereof was not sufficient."

As a ground for this assignment the appellant alleges that: (1) "since an action of unlawful detainer at sufferance is involved and it is alleged therein, without making an allegation of bad faith, that there exist crops cultivated and planted by the defendant in the action, and that they belong to him, it must be necessarily alleged, after filing said complaint, that a fair and reasonable price has been paid for the crops; and in default of such allegation the complaint does not state facts.

"(2) . . . since an action of unlawful detainer at sufferance is involved and it being alleged in the complaint that there exist crops planted by the defendant in the estate subject-matter of this action for which no payment has been

made, the specific allegation of bad faith on the part of the defendant when planting said crops must be set up.''

In our opinion the appellant is wrong. The cases cited by him in support of his contention are not, in our judgment, entirely applicable to the case at bar. In *Rivera* v. *Santiago*, 56 P.R.R. 361, upon taking possession of the property the plaintiffs ''found the defendants there in possession of two frame houses, with galvanized-iron roof, which were built by them shortly after the San Felipe cyclone, precisely on the same spots where two other houses had been built by them about the year 1903 or 1904 and were destroyed by the said cyclone.''

And in *Reyes* v. *Vázquez*, 58 P.R.R. 786, this court said (at page 790): ''The following facts have been accepted by both parties: That the defendants built the houses in question at their own expense and that they are owned by them, that they are occupied by them and their families; that those houses existed where they are now, years before the plaintiff bought the property of three *cuerdas;* and that when the plaintiff acquired the property, he had full knowledge that those houses existed.''

As may be seen, in both cases cited by the appellant, the defendants were already in possession of the property which was the subject-matter of the action when the plaintiffs took possession thereof. It was only fair that their possession should be protected with the presumption *juris tantum* of good faith. This rule has been followed by this court in *Rivera* v. *Santiago, supra; Carrasquillo* v. *Ripoll y Montalvo, Int.*, 56 P.R.R. 301; *Carrasquillo* v. *Ripoll y Maldonado, Int.*, 56 P.R.R. 375; *Reyes* v. *Vázquez, supra*, and *People* v. *Carrasquillo*, 58 P.R.R. 178.

In the case at bar the defendant took possession when the owner, Antonio Pacheco, was already in possession of the property. The presumption in these cases is established by the Civil Code (1930 ed.) in §§ 287, 288, and 294. The

first one provides that "the ownership of property, whether movable or immovable, carries with it the right, by accession, to everything which is produced thereby, or which is united thereto or incorporated therewith, either naturally or artificially." Section 288 provides:

"To the owner belong:
 "1. The natural fruits.
 "2. The cultivated fruits.
 "3. The civil fruits."

And § 294: "Whatever is built, planted or sown on another's land, and the improvements or repairs made thereon, belong to the owner thereof, subject to what is pre-, scribed in the following sections."

Thus, in this case the presumption was in favor of the owner of the property, especially since the defendant admitted from the beginning that he was a tenant at sufferance, that is, that he had no title or right whatsoever except the tolerance or indulgence of the owner. (See *Municipality of Ponce* v. *Collazo*, 56 P.R.R. 485, 489 *et seq.*, where this court made an elaborate study of the meaning of tenancy at sufferance.). His possession was at the will of the owner.

We have already said that the evidence tended to prove not only that the defendant in the present case occupied a portion of the estate with his crops and plantations where he had no right to be, but also that his possession and the works built therein were against the will of the owner. His bad faith has been sufficiently established. The defendant had no right to recover the expenses incurred in the planting and cultivating of the crops which he had on that part of the property which is the subject matter of the unlawful detainer proceeding. The most that he could have claimed was the compensation provided by § 18 of the Unlawful Detainer Act (§ 637 of the Code of Civil Procedure, 1933 ed.), but such claim would not have barred his ejectment.

In the case at bar there were not involved, as in the cases cited, structures of a permanent nature, but crops or plantations of minor crops which usually yield one harvest only, and in the event of a second one, a crop of such scant proportion that it would not be worth considering. In *Aybar* v. *Jiménez*, 60 P.R.R. 729, 732 *et seq.*, this court distinguished the doctrine laid down in *People* v. *Carrasquillo, supra,* and *Palermo* v. *District Court,* 58 P.R.R. 191, by establishing a difference between structures of a permanent nature and those of a nonpermanent nature which are attached to the ground temporarily. In the former case (*Aybar* v. *Jiménez, supra*) this court stated (p. 732) as follows:

"... By utilizing a false premise you cannot arrive at a correct conclusion. And the false premise consists in unjustifiedly trying to apply to the particular facts of the case at bar the doctrine set forth in said cases, which deal with structures of a permanent nature, such as a house, which by itself does not constitute a useful improvement or one for pleasure, and when these have been erected in good faith with the express or implied consent of the lessor, owner of the land. In the case at bar, the other necessary facts having been proven, the complaint for unlawful detainer should have been sustained.

"If we do not accept the interpretation, cited by the lower court, which some legal writers and tribunals may have enunciated as to what constitutes a useful improvement or one for pleasure, in relation to the building of a house, that is because we prefer to follow the modern legal tendency of giving the law a liberal interpretation so as to accord full justice to the parties in an ordinary trial, wherein these matters which cannot be raised and settled in the summary action of unlawful detainer may be argued and passed upon.

"Our decisions, in the *Carrasquillo* and *Palermo* cases, *supra,* as well as in those of *Rivera* v. *Santiago,* 56 P.R.R. 361 and *Carrasquillo* v. *Ripoll and Maldonado, Int.,* 56 P.R.R. 375, are founded on these principles and their holdings are only to the effect that it is not in the summary unlawful detainer action wherein a determination can and must be had of the amount which a defendant may be entitled to claim for structures of a permanent nature which he has erected with the consent of the owner of the land, unless there

is an agreement between the parties as to their rights and that the complaint will be dismissed without prejudice to the defendant filing the ordinary suit which may be proper and wherein the rights of each party may be settled."

It may be seen that the case at bar deals with plantations and minor crops. The same distinction made in the *Aybar* case, *supra*, lies herein. By ordering the ejectment of the defendant from the property and also by ordering an assessment of the plantation or crops as provided by § 18 of the Unlawful Detainer Act, no damages were caused to the defendant for which he could not have been compensated, especially since the plaintiffs alleged in their complaint that they were willing to pay to the defendant the price of said crops after an appraisal thereof.

The error, if any, committed by the lower court was in failing to order the ejectment of the defendant, without awarding compensation for the crops to be yielded, inasmuch as the court itself decided that the defendant was a holder in bad faith. However, since the plaintiff did not appeal from the judgment, we can not disturb the same as to that pronouncement. Section 298 of the Civil Code. Since the plaintiffs never objected to their paying what the crops were worth, and since there was no express allegation of bad faith on the part of the defendant, in our opinion, the lower court did not commit any injustice against the plaintiffs by rendering judgment pursuant to said § 18 of the Unlawful Detainer Act and we think that the judgment should have been modified as to that particular. But as the lower court took over two years in rendering judgment the defendant had ample time to collect the harvest of his crops and plantations and to recover the expenses incurred therein.

We can not overlook the fact that the lower court took about two years to render judgment in this case. An action of unlawful detainer is a summary proceeding and the interests of the parties are better served when the courts com-

ply promptly with their duty as is provided by law. It seems to us that the lower court should have acted with the promptness befitting such actions, as there is no showing in the record which tends to justify such delay in deciding a summary proceeding.

For the foregoing reasons we are of the opinion that the third error assigned was not committed.

The last two assignments are to the effect that the lower court erred "in weighing the evidence adduced with a manifest abuse of discretion" and "in rendering judgment . . . . which is by all means contrary to the allegations and to the evidence adduced by the litigating parties and to the law and the decisions applicable to the question involved in the present case."

In view of the foregoing, we do not deem it necessary to consider the questions raised by the appellant in these two assignments of error. In our opinion, our previous considerations sufficiently establish their nonexistence.

The judgment appealed from must be affirmed.